THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE WADE LAUDERDALE, Defendant-Appellant.

(No. 72-330;

Second District—January 31, 1974.

Katz, Hirsch & Wise, Ltd. and Frederick F. Cohn, both of Chicago, for appellant.

William V. Hopf, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Jimmie Wade Lauderdale, relator herein, appeals from an order of the circuit court of Du Page County quashing a writ of habeas corpus sought by relator in an extradition proceeding.

The State of Alabama seeks to extradite the relator on a charge of burglary committed in that State. The burglary in question allegedly occurred on September 28, 1968. Relator was arrested in Illinois on April 28, 1972, on a charge of being a fugitive from justice. He sued out a writ of habeas corpus, raising a question as to the sufficiency of the Governor's writ and also the question of no probable cause for the issuance of the arrest warrant. At the hearing on the State's motion to quash the writ of habeas corpus a police officer, Kenneth Hill, of the Autauga County, Alabama, sheriff's office, testified that on September 28, 1968, he was an employee of the Prattville, Alabama, police department. He testified further that at 10 P.M. on that day he checked a building in Prattville owned by Smoler Bros. and found a hole in the back of the building. He further testified that he arrested a subject inside the building at that time, and that the person he arrested was Jimmy Lauderdale, the defendant in this case. The trial court quashed the writ and relator appeals from the decision.

The relator's brief sets forth four contentions on which the appeal is based: (1) An extradition warrant, since it may result in the arrest and seizure of a person, is subject to the requirements of the fourth amendment to the U.S. Constitution. (2) The extradition warrant in this case fails to satisfy the probable cause requirements of the Fourth Amendment. (3) The arrest and seizure of a person without probable cause is in violation of a person's privacy as guaranteed by article 1, section 6 of the Illinois Constitution of 1970. (4) Since the Illinois Constitution mandates a remedy for every wrong, the Illinois courts must provide a remedy when a person is arrested and seized under an extradition warrant in violation of his rights protected by the U.S. Constitution.

■■ Relator cites many United States cases in support of his contentions, however, only the Federal District Court (D.C.) case of *Kirkland v. Preston* (1967), 385 F.2d 670, seems to be in point. That case was con-

sidered carefully by the Illinois Supreme Court in *People ex rel. Kubala v. Woods* (1972), 52 Ill.2d 48, 284 N.E.2d 286, and the court expressly declined to follow it. While conceding that the argument made in that case (that no arrest should be made in the asylum state without a showing of probable cause) is an appealing one, our Supreme Court said, p. 53:

> "This argument, however appealing, must nevertheless be considered from the standpoint that the legislation, both State and Federal, is designed to furnish an expeditious and summary procedure for returning a fugitive to the demanding State (*People ex rel. Brown v. Jackson* (1971), 49 Ill.2d 209), and in light of our earlier decisions limiting the scope of judicial inquiry in an extradition proceeding. The implementation of the intent that the extradition procedure be expeditious and summary would appear to dictate that the question of probable cause be decided in the demanding, rather than in the asylum State."

██ The scope of the judicial hearing in an extradition case was thoroughly considered and discussed in an earlier case, that of *People ex rel Gilbert v. Babb* (1953), 415 Ill. 349, where the relator raised the issue of the constitutionality of her indictment in the light of the fourteenth amendment to the Constitution of the United States. The Illinois Supreme Court after careful consideration of the authorities in the light of the constitutional issue raised said, in part, p. 357:

> "From these decisions limiting the scope of the judicial inquiry into extradition proceedings, we believe it emerges clearly that this court may not properly, even under the supremacy clause, nullify the extradition agreement contained in the constitution by interposing our judgment on the merits of the constitutional attack made by appellant on the processes of Massachusetts."

In *People ex rel. Hackler v. Lohman* (1959), 17 Ill.2d 78, 84, the court said (after quoting section 2 of article IV of the U.S. Constitution, dealing with fugitives from justice):

> "While it is generally recognized that States may enact legislation ancillary to and in aid of this provision of the United States constitution and its supplementary Federal legislation, it is also well settled that such enactments must not be inconsistent with the constitutional purpose or restrict the summary exercise of the authority of the executive."

██ In the light of the previous rulings by the Illinois Supreme Court the law in this State seems to be well settled that in an extradition proceeding the court may not inquire into the guilt or innocence of the relator nor the question of probable cause to arrest him, but the judicial

inquiry under a writ of habeas corpus is limited to a determination as to "whether the relator is substantially charged with a crime and is actually a fugitive from a demanding State" (*People ex rel. Brown v. Jackson, supra*). While on the basis of the law in Illinois the result would have been the same in the absence of such testimony, we call attention to the fact that in this case there was, in addition to the documentary evidence, the testimony of Officer Hill which placed the defendant at the scene of the crime in the demanding state at the time the crime was committed.

■■ In view of the quoted decisions, we hold there was no violation of the relator's rights under either the fourth amendment to the U.S. Constitution or under article I, section 6 of the Illinois Constitution and the writ of habeas corpus was properly quashed. The judgment of the trial court is affirmed.

Judgment affirmed.

T. MORAN, P. J., and GUILD, J., concur.